**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE CONTRERAS-CASTRO, AKA Jose Castro, AKA Jose Alfredo Contreras, | No. 14-73568 |
| Petitioner, | Agency No. A205-310-240 |
| v. | MEMORANDUM* |
| LORETTA E. LYNCH, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:     SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Jose Contreras-Castro, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for withholding of removal

and relief under the Convention Against Torture ("CAT").   We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Contreras-Castro's omission of a knife attack from his written statement and his testimony on direct and cross-examination. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination was reasonable under the "totality of circumstances."); *Kin v. Holder*, 595 F.3d 1050, 1056-57 (9th Cir. 2010) (omission of crucial facts from application constituted substantial evidence supporting adverse credibility determination). Contreras-Castro's explanation for the omission does not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Contreras-Castro's withholding of removal claim fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Contreras-Castro's CAT claim also fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not he would be tortured if returned to

14-73568

Mexico.  *See id.* at 1156-57.

**PETITION FOR REVIEW DENIED.**